1 | Michael D. Adams (State Bar No. 185835)
  | madams@rutan.com
2 | Meredith L. Williams (State Bar No. 292888)
  | mwilliams@rutan.com
3 | Sarah Gilmartin (State Bar No. 324665)
  | sgilmartin@rutan.com
4 | RUTAN & TUCKER, LLP
  | 18575 Jamboree Road, 9th Floor
5 | Irvine, California 92612
  | Telephone: 714-641-5100
6 | Facsimile: 714-546-9035

7 | Attorneys for Plaintiff
  | BELLA + CANVAS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BELLA + CANVAS, LLC, a California limited liability company, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]** |
| vs. | |
| BELLA COSA LLC, a New York limited liability company; and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Rutan & Tucker, LLP
attorneys at law

2314/102185-0178
17403568.2 a01/20/22

-1-
COMPLAINT

Plaintiff Bella + Canvas, LLC ("Plaintiff" or "Bella + Canvas") alleges as follows against defendant Bella Cosa LLC ("Defendant" or "Bella Cosa") and Does 1-10, inclusive (with Bella Cosa, "Defendants"):

## NATURE OF THE CASE

1. Bella + Canvas seeks injunctive and monetary relief in this action for trademark infringement with regard to Bella + Canvas' registered "BELLA" and "BELLA + CANVAS" trademarks (together, the "BELLA Marks"). Bella Cosa, which is in the business of manufacturing and selling clothing, has violated, and continues to violate, the Trademark Act of 1946 as amended, 15 U.S.C. section 1051 *et seq.* (the "Lanham Act"), through its unauthorized use of the mark "BC BELLA COSA" (the "BELLA COSA Mark") on clothing that is confusingly similar to Bella + Canvas' registered BELLA trademarks for clothing.

2. Bella + Canvas therefore brings this action to protect its valuable intellectual property rights and to prevent consumer confusion between its distinctive brand and Defendants' infringing use of the BELLA COSA Mark.

## PARTIES

1. Bella + Canvas is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 6670 Flotilla Street, Commerce, California 90040.

2. On information and belief, Bella Cosa is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 81 New Chalet Drive Mohegan Lake, New York 10547.

3. On information and belief, Bella + Canvas alleges that each of the Defendants named herein as Does 1 through 10, inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and are liable to Bella + Canvas for the damages and relief sought herein.

4. On information and belief, Bella + Canvas alleges that, in performing

1. the acts and omissions alleged herein, and at all times relevant hereto, each of the Defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other Defendants.

5. The identities of the individuals and entities named as Doe Defendants herein are not presently known, but Bella + Canvas will seek to amend the Complaint to properly identify them when their proper names have been ascertained.

6. On information and belief, in participating in and/or performing the acts and omissions alleged in the Complaint, Defendants were acting as the agents, partners, servants, employees, alter egos, or successors or predecessors in interest of other of the Defendants, and were acting within the course and scope of such relationship, with the knowledge, express or implied, of each such other defendants, at all times relevant to this Complaint.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338, and 15 U.S.C. section 1121 because Bella + Canvas' claims arise, in part, under the Lanham Act.

8. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have advertised and sold clothing bearing the BELLA COSA Mark to consumers residing in this judicial district, including via their interactive website at https://www.bellacosacouture.com/, and have specifically targeted California consumers, thereby invoking the benefits and protections of the laws of this judicial district.

9. Furthermore, this Court has personal jurisdiction over Bella Cosa in particular because it knows that Bella + Canvas resides in California, yet has continued its infringement of the BELLA Marks, and because Bella + Canvas has suffered harm in California.

10. Venue is proper in the Central District of California under 28 U.S.C.

section 1391(b) because a substantial part of the events, omissions and acts that are the subject matter of this action occurred within this judicial district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Since at least as early as January 1, 2000, and before Defendants used any similar mark, Bella + Canvas or its predecessor-in-interest with respect to the BELLA Marks (Color Image Apparel, Inc. ("CIA")) has continuously and prominently used the BELLA Marks to denote the source of its high quality products and services.

12. Bella + Canvas owns a number of federal trademark registrations for the mark BELLA and formatives thereof. Bella + Canvas' federal trademark registrations include registrations for BELLA and BELLA + CANVAS in International Classes 25 and 35 (collectively referred to herein as the "BELLA Marks"), including but not limited to those listed below:

| Mark | Reg. No. | Reg. Date | Class |
|---|---|---|---|
| bella (stylized) | 2,668,441 | Dec. 31, 2002 | 25 |
| BELLA | 2,895,709 | Oct. 19, 2004 | 25 |
| BELLA | 3,519,794 | Oct. 21, 2008 | 25 |
| BELLA | 4,353,773 | Jun. 18, 2013 | 25 |
| BELLA + CANVAS | 4,360,652 | July 2, 2013 | 25, 35 |

13. True and correct copies of the certificates of registration for these BELLA Marks are attached to this complaint as Exhibit A. The Registrations are valid and subsisting and in full force and effect, and constitute conclusive evidence of Bella + Canvas' exclusive right to use the BELLA Marks throughout the United States with respect to, *inter alia*, clothing and retail services.

14. Since at least as early as 2000, and long before Defendants used any similar mark, Bella + Canvas has continuously, prominently and exclusively used its BELLA Marks to denote the source of its goods and services, including clothing and

online retail and wholesale store services featuring clothing, in the United States. During this period, Bella + Canvas has committed significant amounts of time, effort and money to developing a widely respected reputation in the apparel industry through which the BELLA Marks have acquired secondary meaning indicating Bella + Canvas as the source of its high-quality goods and services. Thus, before the acts complained of in this Complaint, members of the general consumer population recognized the BELLA Marks as exclusive source identifiers for clothing and online retail and wholesale store services featuring clothing as originating from, sponsored or approved by Bella + Canvas.

15. On information and belief, Bella + Canvas has the exclusive right to use the BELLA Marks in interstate commerce, and Bella + Canvas' use has been exclusive since it first adopted the BELLA Marks, with the exception of unauthorized uses such as by Defendants as described in this Complaint.

16. Bella + Canvas' BELLA Marks are valid and subsisting and remain in full force and effect.

17. Bella + Canvas has widely advertised, promoted and marketed goods under its BELLA Marks in numerous and diverse advertising media including print, catalogs and the internet to promote the strength and renown of its BELLA Marks. Bella + Canvas has achieved a high level of commercial success in selling products and services bearing its BELLA Marks, and has built a valuable reputation and substantial goodwill, with which the BELLA Marks have become synonymous.

18. After Bella + Canvas' adoption and use of the BELLA Marks, on September 26, 2018, Bella Cosa filed a trademark application (U.S. Serial No. 88/131,784 [the "Application"]), pursuant to Section 1(b) of the Lanham Act (15 U.S.C. § 1051(b)), for the following design mark (with the BELLA COSA Mark, the "Infringing Marks"):

//
//

**BELLA COSA**
Be you tiful thing

19. On April 4, 2019, Bella + Canvas filed a Notice of Opposition to the Application before the Trademark Trial and Appeal Board, alleging a likelihood of confusion with the BELLA Marks. That proceeding remains pending.

20. Defendants are currently using the Infringing Marks in advertising, offering for sale and selling clothing, which use began after Bella + Canvas' adoption and use of the BELLA Marks.

21. Defendants are not authorized to use the BELLA Marks, or marks confusingly similar to the BELLA Marks, in connection with their goods and services, nor are Defendants affiliated with Bella + Canvas.

22. Defendants' use of the BELLA Marks or marks confusingly similar to the BELLA Marks for clothing and retail services is likely to cause confusion, mistake and deception such that members of the public and purchasers of clothing are likely to be confused as to the affiliation, connection or relationship between Bella + Canvas and Defendants, and confused into believing Defendants' goods are endorsed by, sponsored by, or affiliated with Bella + Canvas, when they are not.

23. Each of these actions creates a likelihood of consumer confusion.

24. Despite Bella + Canvas' filing of the Notice of Opposition, Bella Cosa has continued to refuse to cease and desist from use of the Infringing Marks, causing financial injury and damages to Bella + Canvas in an amount to be determined and rendering Defendants' acts in violation of the Lanham Act willful. Moreover, despite agreeing through its counsel to withdraw its application and cease using the Infringement Marks, Defendants have failed to do so. As such, this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. section 1117, thereby entitling Bella + Canvas to damages, attorneys' fees, and costs.

25. Bella + Canvas seeks injunctive relief to halt the irreparable harm caused by Defendants' online retail sales of clothing in a manner that infringes on the BELLA Marks. Without an injunction, Defendants will continue to offer clothing and online retail sales of clothing that infringe on the BELLA Marks.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement

### [15 U.S.C. § 1114]

26. Bella + Canvas repeats and incorporates by this reference each and every allegation contained in paragraphs 1 through 25 above, inclusive, as though set forth in full.

27. By the acts and omissions set forth above, Defendants have infringed and continue to infringe Bella + Canvas's federally registered trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. section 1114. Defendants' conduct and use of the BELLA Marks or marks confusingly similar to the BELLA Marks is likely to cause confusion, mistake and deception among the general purchasing public as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' goods, and interfere with Bella + Canvas's ability to use its marks to indicate a single quality control source of goods and services.

28. Bella + Canvas has suffered, is suffering, and will continue to suffer irreparable injury for which Bella + Canvas has no adequate remedy at law. Bella + Canvas is therefore entitled to a preliminary and permanent injunction against further infringing conduct by Defendants.

29. Defendants have profited and are profiting by such infringement and Bella + Canvas has been, and is being, damaged by such infringement. Bella + Canvas is therefore entitled to recover damages from Defendants in an amount to be proved at trial as a consequence of Defendants' infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Bella + Canvas prays for an order and judgment against

Defendants as follows:

1. That Defendants, and each of them, their owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendants or on their behalf, be permanently enjoined and restrained from, directly or indirectly:

   a. Selling, offering to sell, advertising, displaying, or using the BELLA Marks, any derivative thereof, including without limitation the BELLA COSA Mark, or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of clothing and/or online retail sales of clothing;

   b. Using in any other way any other mark or designation so similar to the BELLA Marks as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendants and/or their products or services by or with Bella + Canvas; and

   c. Representing or implying that Defendants are in any way sponsored by, affiliated with, endorsed by or licensed by Bella + Canvas;

2. For an order requiring Defendants to deliver to Bella + Canvas's attorneys within thirty (30) days after the entry of any injunction, to be impounded or destroyed by Bella + Canvas, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendants' possession or control that bear the BELLA COSA Mark, or any other mark similar thereto, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. section 1118, and other applicable laws;

3. For an order requiring Defendants to file with the Clerk of this Court and serve Bella + Canvas, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with 1 through 2 above;

4. For an award of Defendants' profits and Bella + Canvas's damages according to proof at trial;

5. For an order requiring Defendants to account for and pay to Bella + Canvas all gains, profits and advantages derived by Defendants from the unlawful activities alleged herein, and/or as a result of unjust enrichment;

6. For an award of pre-judgment interest at the highest rate allowed by law;

7. For an award of Bella + Canvas's attorneys' fees, costs and expenses, including but not limited to expert witness fees, incurred in this action, pursuant to 15 U.S.C. section 1117; and

8. For such further relief as this Court shall deem just and proper.

Dated: January 20, 2022

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH GILMARTIN

By: /*Michael D. Adams*/
Michael D. Adams
Attorneys for Plaintiff
BELLA + CANVAS, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action.

Dated: January 20, 2022

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
MEREDITH L. WILLIAMS
SARAH GILMARTIN

By: /*Michael D. Adams*/
Michael D. Adams
Attorneys for Plaintiff
BELLA + CANVAS, LLC